IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ING BANK, fsb (d/b/a ING DIRECT) and ING DIRECT BANCORP, <br><br> Plaintiffs, <br><br> v. <br><br> THE PNC FINANCIAL SERVICES GROUP, INC., PNC BANK, NATIONAL ASSOCIATION, and PNC BANK, DELAWARE, <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 08-514-GMS ) ) ) ) ) ) |

## ANSWER

Defendants The PNC Financial Services Group, Inc., PNC Bank, National Association, and PNC Bank, Delaware (collectively "PNC"), through their counsel, answer Plaintiffs ING Bank, fsb (d/b/a ING Direct) and ING Direct Bancorp's ("Plaintiffs") Complaint as follows:

### NATURE OF THE ACTION

1. PNC admits that this is a civil action in which Plaintiffs have alleged the following claims against PNC: (i) trademark infringement under Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*; (ii) use of false designations of origin in commerce, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); (iii) false advertisement arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); (iv) unfair competition under Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a); (v) trademark dilution arising under Section 43(c) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(c); (vi) the likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name at common law under the Delaware Trademark Act, 6 *Del. C.* § 3313; (vii) statutory unfair competition under the

Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq.*; (viii) unfair competition under Delaware common law; and (ix) unjust enrichment under Delaware common law. PNC denies all claims.

### JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

### PARTIES

4. PNC denies that Plaintiffs' alleged "Orange Ball Design Mark" is famous. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 4, and therefore denies them.

5. PNC denies that Plaintiffs' alleged "Orange Ball Design Mark" is famous. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 5, and therefore denies them.

6. PNC admits that The PNC Financial Services Group, Inc. is a Pennsylvania corporation headquartered at One PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222-2707; PNC Bank, National Association is a national banking institution organized and existing under the laws of the United States; and PNC Bank, Delaware is an indirect subsidiary of The PNC Financial Services Group, Inc. PNC admits that The PNC Financial Services Group, Inc. is a holding company and that its indirect subsidiaries PNC Bank, National Association and PNC Bank, Delaware provide, among other things, investment and wealth management services, fiduciary services, FDIC-insured banking products, and lending and borrowing of funds. PNC also admits that The PNC Financial Services Group, Inc., through its subsidiaries, owns Internet websites such as www.pnc.com and www.pncvirtualwallet.com that

enable U.S. consumers to open, transact, and use a variety of banking services and products. PNC denies that it "hosts" these websites as alleged in Plaintiffs' Complaint. PNC admits that it serves approximately 2.9 million consumers and small business customers, and that it has had consolidated assets of approximately $138.9 billion and deposits of $82.9 billion. PNC denies all remaining allegations made in Paragraph 6.

7. PNC admits that PNC Bank, National Association is an indirect subsidiary of The PNC Financial Services Group, Inc. and has an address at 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222. PNC denies all remaining allegations made in Paragraph 7.

8. PNC admits that PNC Bank, Delaware is an indirect subsidiary of The PNC Financial Services Group, Inc. and has an address at 222 Delaware Avenue, Wilmington, Delaware 19801. PNC denies all remaining allegations made in Paragraph 8.

9. PNC admits that it does business under the name and trademark "PNC Bank" and that PNC Bank, National Association owns and is responsible for the websites www.pnc.com, www.pncvirtualwallet.com, and www.virtualwallet.com. PNC admits that through the above websites and others, PNC Bank, National Association and PNC Bank, Delaware provide services directly to consumers and through business partners in all 50 states. PNC also admits that through the above websites, consumers from all 50 states, including Delaware, make deposits to and withdrawals from their accounts with PNC Bank, National Association and/or PNC Bank, Delaware. PNC admits that PNC Bank, National Association and PNC Bank, Delaware transact business in Delaware and enter into contracts to supply services and/or products in Delaware with Delaware companies and citizens. PNC denies all remaining allegations made in Paragraph 9.

## FACTS

10. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13. PNC admits that, like other financial companies, ING uses a shade of the color orange. PNC denies that the alleged mark shown in Exhibit A to Plaintiffs' Complaint (defined by Plaintiffs as the "Orange Ball Design Mark") is famous. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13, and therefore denies them.

14. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

15. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16. PNC admits that Plaintiffs' alleged Orange Ball Design Mark is shown on the website located at www.ingdirect.com and on Exhibit A to Plaintiffs' Complaint. PNC denies that the website shown in Exhibit A is a true and accurate copy of the website located at www.ingdirect.com. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 16, and therefore denies them.

17. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17, and therefore denies them.

18.  PNC denies that Plaintiffs' alleged Orange Ball Design Mark is famous and highly distinctive. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18, and therefore denies them.

19.  PNC admits that, according to the U.S. Patent and Trademark Office's ("PTO") online database:

- Plaintiff ING Direct Bancorp is the listed owner of Registration No. 3,068,848 for a mark consisting of an "orange colored ball design" for "credit card services; banking services; banking services offered over a global computer network; mutual fund services; mortgage lending and brokerage services; mortgage banking; mortgage loans, home equity loans; savings account services; securities brokerage services." Registration No. 3,068,848 issued on March 14, 2006 and claims that the subject mark was first used in September 2000. The application resulting in that registration was filed on November 8, 2000.

- Plaintiff ING Direct Bancorp is the listed owner of Registration No. 3,356,853 for a mark consisting of an "orange colored ball design" for "financial services, namely, financial planning, financial information provided by electronic means, electronic processing and transmission of bill payment data, debit and stored value card and electronic transaction services, loan financing services." Registration No. 3,356,853 issued on December 18, 2007 and claims that the subject mark was first used in December 2006. The application resulting in that registration was filed on November 8, 2000.

- Plaintiff ING Direct Bancorp is the listed owner of Registration No. 3,362,892 for a mark consisting of an "orange colored ball design" for "backpacks, umbrellas; headwear and clothing, namely, t-shirts, dress shirts, button down shirts, polo shirts, rugby shirts, sweatshirts, sweatpants, cotton pants, fleece jackets, vests, jackets, ski jackets, ball caps, visors, bucket hats, ski caps, scarves, earmuffs, pajamas." Registration No. 3,362,892 issued on January 1, 2008 and claims that the subject mark was first used in 2005. The application resulting in that registration was filed on March 20, 2002.

PNC also admits that Exhibits B-D to Plaintiffs' Complaint appear to be copies of the above-listed trademark registrations. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19, and therefore denies them.

20.  PNC admits that PNC Bank, National Association and PNC Bank, Delaware operate throughout the country and offer banking, lending, and financial services. PNC denies all remaining allegations made in Paragraph 20.

21.  PNC admits that PNC Bank, National Association and PNC Bank, Delaware offer online banking. PNC also admits that it competes with ING DIRECT. PNC denies that it uses "orange ball designs" in connection with its online-banking services. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 21, and therefore denies them.

22.  Denied.

23.  PNC admits that the printouts attached as Exhibit E to Plaintiffs' Complaint appear to be printouts from PNC's website located at www.pncvirtualwallet.com. PNC admits that the www.pncvirtualwallet.com website is accessible through the Internet. PNC denies that it uses Plaintiffs' Orange Ball Design Mark or any confusingly similar variations thereof on that website. PNC also denies that the website shown in Exhibit E depicts "orange ball designs" or "prominently features the color orange." The referenced graphics in Exhibit E are stylized circles comprised of shades of the colors blue, white, and orange with graphical designs appearing in the middle of the circles (the "PNC Circle Icons"). The PNC Circle Icons have a different appearance and commercial impression than Plaintiffs' alleged Orange Ball Design Mark and are not likely to be confused or associated with either Plaintiffs' alleged Orange Ball Design Mark or ING DIRECT. PNC admits that according to the PTO's online database, Plaintiff ING Direct Bancorp is the listed owner of Registration Nos. 3,068,848; 3,356,853; and 3,362,892 for a mark consisting of an "orange colored ball design." PNC denies that the mark

that is the subject of Registration Nos. 3,068,848; 3,356,853; and 3,362,892 is famous. PNC denies all remaining allegations made in Paragraph 23.

24.  PNC admits that its VIRTUAL WALLET online-banking services are described on PNC's website located at www.pncvirtualwallet.com and that the VIRTUAL WALLET services are expected to appeal to, among others, technologically advanced consumers looking for online-banking services including, but not limited to, Generation-Y consumers. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 24, and therefore denies them.

25.  PNC denies that its website located at www.pncvirtualwallet.com prominently features ten orange ball designs. PNC admits that the PNC Circle Icons can be found on PNC's website by clicking on the "Explore Virtual Wallet" link on website homepage. PNC also admits that the PNC Circle Icons can be clicked by visitors to learn about PNC's VIRTUAL WALLET services and that the PNC Circle Icons move once clicked. PNC denies all remaining allegations made in Paragraph 25.

26.  PNC denies that Exhibit F to Plaintiffs' Complaint is an advertisement for PNC's VIRTUAL WALLET program. PNC admits that Exhibit G to Plaintiffs' Complaint is an advertisement for PNC's VIRTUAL WALLET program. PNC denies that Exhibits F and G show orange ball designs. PNC also denies that any design or mark shown in Exhibits F and G are confusingly similar to Plaintiffs' alleged Orange Ball Design Mark. PNC denies that Plaintiffs' alleged Orange Design Ball Mark is famous. PNC admits that it advertises its PNC Circle Icons in stand-alone displays in bank branches. PNC denies all remaining allegations made in Paragraph 26.

27.   PNC admits that on June 19-20, 2008, it filed the applications attached as Exhibit H to Plaintiffs' Complaint seeking to register its PNC Circle Icons for the various services identified in those applications based on PNC's intent to use the PNC Circle Icons for those services. PNC admits that both PNC's applications and U.S. Registration No. 3,068,848 currently classify various services in Class 36. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations that Plaintiffs' use of the alleged Orange Ball Design Mark precedes PNC's use of the PNC Circle Icons and the filing dates of any applications for the PNC Circle Icons, and therefore denies those allegations. PNC denies all remaining allegations made in Paragraph 27.

28.   PNC admits that it uses the following federally registered trademark for banking and financial services (the "PNC House Mark"):



PNC also admits that the PNC House Mark has appeared in a shade of the color orange and has been displayed on PNC's website, signage, brochures, advertisements, credit cards, and in banks. PNC admits that the PNC House Mark is depicted in Exhibits I and J to Plaintiffs' Complaint. PNC also admits that some of its services offered under the PNC House Mark compete with those offered by Plaintiffs. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that Plaintiffs' use of the alleged Orange Ball Design Mark precedes PNC's use of the PNC House Mark, and therefore denies that allegation. PNC denies all remaining allegations made in Paragraph 28.

29.   Denied.

30. Denied.

31. PNC admits that it uses the PNC Circle Icons and a shade of the color orange (as one color included in the PNC Circle Icons and PNC House Mark) for financial and banking services. PNC is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations that PNC's services are offered to the same classes of consumers as the products and target customers for Plaintiffs' products, and therefore denies those allegations. PNC denies all remaining allegations made in Paragraph 31.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### COUNT I — INFRINGEMENT OF REGISTERED TRADEMARKS

38. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 37 of Plaintiffs' Complaint.

39. Denied.

### COUNT II — FALSE DESIGNATION OF ORIGIN

40. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 39 of Plaintiffs' Complaint.

41. Denied.

## COUNT III — FALSE ADVERTISING

42. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 41 of Plaintiffs' Complaint.

43. Denied

## COUNT IV — UNFAIR COMPETITION

44. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 43 of Plaintiffs' Complaint.

45. Denied.

## COUNT V — FEDERAL TRADEMARK DILUTION

46. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 45 of Plaintiffs' Complaint.

47. Denied.

48. Denied.

## COUNT VI — TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION UNDER THE DELAWARE TRADEMARK ACT, 6 DEL. C. § 3313

49. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 48 of Plaintiffs' Complaint.

50. Denied.

51. Denied.

## COUNT VII — UNFAIR COMPETITION UNDER THE DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 6 DEL. C. § 2531 ET SEQ.

52. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 51 of Plaintiffs' Complaint.

53. Denied.

## COUNT VIII — COMMON LAW UNFAIR COMPETITION

54. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 53 of Plaintiffs' Complaint.

55. Denied.

## COUNT IX — COMMON LAW UNJUST ENRICHMENT

56. PNC repeats and incorporates by reference its answers to Paragraphs 1 through 55 of Plaintiffs' Complaint.

57. Denied

58. Denied.

59. Denied.

60. Denied.

61. Denied.

PNC denies the balance and remainder of all of the allegations contained in all paragraphs, counts, and sub-parts of Plaintiffs' Complaint, including any and all demands for judgment or relief asserted, that are not expressly admitted.

## AFFIRMATIVE DEFENSES

62. Plaintiffs fail to state a claim upon which relief may be granted.

63. Plaintiffs' claims are barred in whole or in part by laches, estoppel, and/or waiver.

64. Plaintiffs are equitably estopped from objecting to PNC's use of the contested marks and color orange because, among other things, Plaintiffs have failed to police their alleged marks against similar third-party marks and the color orange.

11

65. PNC reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

WHEREFORE, PNC prays for the following relief:

a. That Plaintiffs' Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of PNC and against Plaintiffs, and that Plaintiffs be denied all relief requested in their Complaint;

b. That the Court award PNC its attorneys' fees, costs, and expenses in this action; and

c. That the Court award PNC such further relief as this Court may deem just and proper.

OF COUNSEL:

Douglas A. Rettew
Danny M. Awdeh
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)

Dated: September 3, 2008

/s/ Robert W. Whetzel

Robert W. Whetzel (#2288)
Whetzel@rlf.com
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700 (phone)

*Attorneys for Defendants*
*The PNC Financial Services Group, INC., PNC Bank, National Association, and PNC Bank, Delaware*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on September 3, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA   90071

Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
1990 M Street, N.W., Suite 800
Washington, DC   20036

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com